Williams, Judge,
delivered the opinion of the Court:
The plaintiff brings suit to recover the sales price of certain material furnished by him, to the defendant, under orders 2922 and 4098, respectively, amounting to the sum of $329.38. The materials covered by these orders were received and accepted by the Government, but have not been paid for. No question is here raised as to the satisfactory character of the materials furnished, or as to the plaintiff’s right to be paid the purchase price of the same. The Government, however, interposes a counterclaim for the sum of $328.00, damages alleged to have been sustained because of certain defective brass pipe fittings purchased from the plaintiff in February 1927.
These fittings were purchased by the Government for installation in a water-filter plant in the District of Columbia. The order covered 1,475 fittings, as follows:
900 — y2" x 90° ells.
200 — 1/3" x 45° ells.
150 — %" couplings.
225 — %" x hex. bushings.
The fittings were all received by the Government. They were inspected upon delivery and were accepted, and the plaintiff was paid their purchase price, amounting to $133.33. They were turned over to the American Water Softener Company and by that company were fabricated into the filtration plant, together with other fittings not purchased *598 from the plaintiff. A test of the finished plant disclosed certain leaks. The American Water Softener Company thereupon removed about 175 of the brass fittings furnished by the plaintiff and replaced them with a like number of galvanized-iron fittings purchased by the Government from another dealer. The Government paid the American Water Softener Company $228.00 for the removal and replacement of the fittings, which amount it seeks to set off against the plaintiff’s claim. The counterclaim also seeks to charge the plaintiff with an additional $100 damages because of the delay incident to the replacement of the fittings.
It is alleged that the leaks which developed in the finished plant, and which required the removal of the 175 elbows, resulted from defects in the manufacture of the fittings. It is contended that the scratched and imperfect threads discernible on most of the fittings removed were caused by collapsible dies, defective taps, and distorted cutting operations in the imperfect manufacture of the fittings. The findings do not sustain the Government’s contentions. The proof justifies the conclusion that the leaks were the result of faulty workmanship and the improper methods used in the installation of the fittings in the plant. It appears that the fittings were fabricated by using pipe dope and lamp wick in the joints, which practice is improper in the case of copper and brass fittings, and causes leakage in joints so fabricated. The proof further shows that the scratched and imperfect threads appearing on the fixtures returned resulted from inefficient and improper work in their installation and removal from the plant, and not from defects in their manufacture.
The counterclaim is not sustained by the findings, and must be dismissed. Judgment is awarded plaintiff in the sum of $329.38. It is so ordered.
Whaley, Judge; LittletoN, Judge; and GheeN, Judge, concur.
Booth, Chief Justice, took no part in the decision of this case on account of illness.